UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MONTREAL LINN** | **CASE NO.  3:22-CV-06259** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **OUACHITA AMERICAN JOB CENTER** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT & RECOMMENDATION**

Pending before the undersigned Magistrate Judge, on reference from the District Court, are five motions: (1) a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) [doc. #12], filed by Defendant Ouachita Parish Police Jury ("OPPJ"); (2) a motion to amend [doc. #21], filed by Plaintiff Montreal Linn; (3) a motion to dismiss for failure to state a claim [doc. #22], filed by Defendants Doretha Bennett; Robin Collinsworth; Jay Mitchell; Police Jury of Ouachita Parish; LaTanya Pusberry; Latanya Smith; and Deela Woods; (4) a motion to amend [doc. #25], filed by Linn; and (5) a motion to supplement complaint [doc. #29], filed by Linn.

For reasons assigned below, it is recommended that the motion to dismiss for failure to state a claim [doc. #22], be GRANTED IN PART and DENIED IN PART.  It is further recommended that OPPJ's motion to dismiss under Rule 12(b)(5) [doc. #12], be DENIED AS MOOT.  It is ordered that Linn's motion to amend [doc. #22] is GRANTED IN PART and DENIED IN PART. It is further ordered that Linn's motion to amend [doc. #25] is DENIED. Finally, it is ordered that his motion to supplement complaint [doc. #29] is GRANTED IN PART and DENIED IN PART.[1]

---

[1] As the motions to amend [docs. #22, #25] and motion to supplement [doc. #29] are not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in

**Background**

On December 29, 2022, Plaintiff Montreal Linn filed the instant employment complaint against "Ouachita American Job Center" alleging that his civil rights were violated via "discrimination, retaliation, harassment, age, disabilities, etc." [doc. #1, p. 1]. Linn attached to his complaint a "Right to Sue" letter from the Equal Employment Opportunity Commission ("EEOC") dated December 15, 2022. [doc. #1-2]. On January 11, 2023, Linn filed into the record a Charge of Discrimination form that he submitted to the EEOC on August 23, 2022. Therein, Linn states that he was employed as a sanitation worker by the Ouachita American Jobs Center from September 14, 2021, until he was discharged on December 21, 2021. [doc. #5, p. 2]. Linn alleges that his supervisor, Frederick Coleman, made a joke and asked if he knew the difference between a man and a woman. *Id.* Linn also alleges that Coleman asked what his sexual preference was and was aware that he had "disabilities" and doctors' appointments. *Id.* Linn claims that he complained about Coleman to Dee Woods, the Job Center Case Manager, and "Ms. Bennett," the Job Center Director, and was subsequently discharged. *Id.* Linn alleges that he was discriminated against because of his sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and retaliated against because of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. *Id.*

On February 27, 2023, Ouachita Parish Police Jury ("OPPJ") (misnamed in the complaint as "Ouachita American Jobs Center") filed a motion to dismiss under Rule 12(b)(5). [doc. #12]. Therein, OPPJ argues that Linn's claims against it should be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 4. *Id.*

---

accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1.

On March 2, 2023, Linn filed his first amended complaint ("FAC").  [doc. #14].  Therein, Linn joined several new Defendants:  Jay Mitchell; Latanya Smith; Robin Collinsworth; Doretha Bennett; Deela Woods; LaTanya Pusberry; and Susan Calloway.  *Id.*  Linn argues that the newly joined Defendants "engaged in practices that violated my civil rights."  *Id.*  Linn also argues that he "gave [Defendant Mitchell] proof of service that was giv[en] to Doretha Bennett" and that he told Mitchell about OPPJ's alleged discrimination, harassment, wrongful termination, retaliation, and reprisal.  *Id.* at 2.  He alleges that Mitchell told him that he would watch video and audio of incidents that allegedly occurred at the Emily P. Robinson Center.  *Id.*  Linn further alleges that Mitchell served as counsel for OPPJ at a Louisiana Workforce Commission hearing regarding these allegations.  *Id.*  Linn alleges that the administrative law judge at the LWC hearing allowed Mitchell to represent OPPJ even though Mitchell was "my witness."  *Id.*

On March 3, 2023, Linn filed his second amended complaint ("SAC").  [doc. #17].  Therein, Linn joined Frederick Coleman and the City of Monroe as Defendants.[2]  Linn also appears to voluntarily dismiss LaTanya Smith; Robin Collinsworth; Deela Woods; LaTanya Pusberry; and Susan Calloway.  *Id.*

On March 7, 2023, Linn filed a motion for leave to amend and file his third amended complaint ("TAC").  [doc. #21].  Therein, Linn seeks to join as additional Defendants Ireyan J. Clark; Andrea V. Morrison; Tavares A. Walker; and Kellie Taylor-White.[3]  *Id.*  Linn alleges that "all Defendants knew about harassment, discrimination, wrongfully [sic] termination, resprial [sic]

---

[2]  Linn also appears to join Jay Mitchell and Doretha Bennett, who were already Defendants.  [doc. #17].

[3] Again, Linn also appears to join Jay Mitchell; Doretha Bennett; and Frederick Coleman, who were already Defendants.  [doc. #21].

that [Linn] experience[d] as an [OPPJ] employee." *Id.* He alleges that there is "video and audio" of the incidents. *Id.* Linn also seeks to dismiss Ouachita American Jobs Center. *Id.*

On March 13, 2023, Defendants OPPJ; Jay Mitchell; Doretha Bennett; LaTanya Smith; Robin Collinsworth; Deela Woods; LaTanya Pusberry; and Susan Calloway, filed a motion to dismiss for failure to state a claim upon which relief can be granted. [doc. #22]. Therein, Defendants allege that Linn's complaint contains only conclusions without factual content that allows the Court to draw the reasonable inference that Defendants are liable for the alleged misconduct. *Id.* at 1.

On March 21, 2023, Linn filed his opposition to Defendants' motion to dismiss for failure to state a claim. [doc. #25]. Therein, Linn seeks to amend his complaint a fourth time. *Id.* He restates his claims that all Defendants[4] are liable for wrongful termination, intimidation, retaliation, discrimination, harassment, reprisal, age, and disability. *Id.* at 2. He reasserts his claim that Frederick Coleman made "harass[ing] jokes" which Linn alleges he reported to Doretha Bennett. *Id.* Linn further alleges that he left work to go to a doctor's appointment and informed Coleman and Bennett that he contracted COVID-19. *Id.* Linn also alleges that the Louisiana Workforce Commission—which apparently conducted a hearing in September 2022 as to Linn's claims—only spoke to Coleman and Bennett and did not review video or audio of alleged incidents on November 3, 2021, and December 21, 2021. *Id.* Linn also reasserted his previous allegations as to Jay Mitchell. Finally, Linn states that he is seeking "compensatory, punitive, general,

---

[4] Linn appears to clarify that he asserts claims against only the following Defendants: Louisiana Workforce Commission, Andrea V. Morrison, Tavares A. Walker, Ireyan J. Clark-Sam; Kellie Taylor-White; the City of Monroe; Jay Mitchell; OPPJ; Frederick Coleman; and Doretha Bennett. [doc. #25, p. 2].

economic, pain, suffering, monetary back pay, COVID pay, contract attorney's fees, workers compensation, and all damages." *Id.*

On March 22, 2023, Linn filed his opposition to OPPJ's motion to dismiss. [doc. #27]. Therein, he alleges that video evidence shows service of summons on Doretha Bennett on January 13, 2023, at Ouachita American Jobs Center. *Id.* He also alleges that Bennett told him he would be terminated if he asked about COVID-19 pay, a grant award, allowances, or equal pay. *Id.*

On March 31, 2023, Linn filed a motion to supplement his complaint [doc. #29], wherein he seeks to attach what appears to be the EEOC file related to his claims.

Briefing is complete. This matter is ripe.

## Discussion

I.   *Standard of Review*

   a.  *12(b)(6) Motion to Dismiss*

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed. R. Civ. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal*, 556 U.S. at 663. Plausibility simply calls

for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 663. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).

"The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 F. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl.*, 550 U.S. at 555).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556.

Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 320 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice"—including public records. *Dorsey*, 540 F.3d at 338; *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) (proper to take judicial notice of matters of public record).

  b. *Leave to Supplement/Amend*

Rule 15 of the Federal Rules of Civil Procedure provides that, upon application, the court shall grant a party leave to amend its pleading "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend pleadings is "entrusted to the sound discretion of the district court . . . ." *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir.1998) (internal quotation omitted). However, this standard is somewhat misleading because Rule 15 "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Ultimately, a district court must have a "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal citation omitted).

In deciding whether to grant a party leave to amend, the Court considers the following factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v.*

7

*Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing, *Foman*, 371 U.S. at 182).

    II.    Analysis

        a.  Motion to Dismiss for Failure to State a Claim

Title VII prohibits an employer from failing or refusing to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000(e)-2(a)(1). At the pleading stage, a plaintiff "need not submit evidence to establish the prima facie case for discrimination," however, "she must plead sufficient facts on all of the ultimate elements of the claim to make her case plausible." *Davis v. Tex. Health & Human Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019).

Similarly, the ADA prohibits employers from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a).

Here, Linn appears to assert discrimination and retaliation claims under Title VII and the ADA. [docs. #1; #5]. As an initial matter, "individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 276, 382 (5th Cir. 2003). Thus, "a plaintiff may not maintain a Title VII claim against both his employer and the agents or employees of his employer." *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La. Mar. 27, 2013) (citing *Ackel*, 339 F.3d at 382). Likewise, individuals cannot be held liable under the ADA. *Ricks v. Friends of WWOZ, Inc.*, Civ. No. 18-9767, 2019 WL 3858950, at *3 (E.D. La. Aug. 15, 2019); *Franklin*, 936 F. Supp. 2d at 703.

Consequently, Linn cannot assert Title VII or ADA claims[5] against the individual Defendants named in this suit: Dorothea Bennett; Robin Collinsworth; Jay Mitchell; LaTanya Pusberry; Latanya Smith; Deela Woods; and Frederick Coleman. Accordingly, Linn's claims against them should be dismissed with prejudice.[6] *See Ricks*, 2019 WL 3858950 (Title VII and ADA claims against individual defendants dismissed with prejudice).

As to Linn's claims against OPPJ, the Court must consider that he is proceeding pro se when evaluating whether he has satisfied the pleading standard. Thus, "his complaint is held to less stringent standards than formal pleadings drafted by lawyers." *Clark v. Huntleigh Corp.*, 199 F. App'x 666, 667 (5th Cir. 2005) (quoting *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002)) (internal quotation marks omitted). Furthermore, because of Linn's pro se status, the Court must examine all of his complaint, including the attachments. *Id.*; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (courts are required to look beyond pro se plaintiff's formal complaint and to consider materials subsequently filed as amendments).

Linn filed his Charge of Discrimination form into the record on January 11, 2023. Consequently, the Court must consider its factual allegations as part of the complaint. *Clark*, 119

---

[5] Linn does not appear to state any other claims. In his SAC, Linn alleges that "defendants engaged in practices that violate my civil rights." To the extent that this is an attempt to state a claim for relief under 28 U.S.C. § 1983, Linn does not plead adequate facts to make his claims plausible. *See Twombly*, 550 U.S. at 556.

[6] In his SAC, Linn appears to voluntarily dismiss Defendants LaTanya Smith; Robin Collinsworthy; Deela Woods; LaTanya Pusberry; and Susan Calloway. To the extent that any claims against them remained, it is recommended that they be dismissed. Calloway and Defendant Frederick Coleman did not file the instant motion to dismiss for failure to state a claim; however, the Court may recommend dismissal with prejudice *sua sponte*, so long as it provides notice of its intention and an opportunity to respond. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (fairness requires both notice of the court's intention and an opportunity to respond before dismissing *sua sponte* with prejudice). This Report & Recommendation shall provide Linn with the required notice—he may respond by objecting to the R&R consistent with the procedure outlined below.

F. App'x at 667. Linn alleges that he was employed by Ouachita American Jobs Center as a sanitation worker when his supervisor, Frederick Coleman, made a joke and asked if he knew the difference between men and women. [doc. #5, p. 2]. Linn also alleges that Coleman remarked that "women wear dresses" and asked him about his sexual preferences. *Id.* Linn further alleges that Coleman knew that he was disabled. *Id.* Afterwards, Linn alleges that Coleman made him and co-worker Jasmine Bailey hang up jerseys, which they refused to do "since it wasn't our job." *Id.* Linn states that he complained about Coleman's behavior to Dee Woods, the Job Center Case Manager, and "Ms. Bennett," the Job Center Director. *Id.* According to Linn, they said nothing, and he was discharged on December 21, 2021. *Id.*

Linn avers that he was discriminated against because of his sex in violation of Title VII and retaliated against because of his disability in violation of the ADA. *Id.* The Court will consider each of Linn's claims.

### 1. *Title VII Retaliation Claim*

To establish a prima facie Title VII retaliation claim, Linn must show that (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *Newbury v. City of Windcrest*, 991 F.3d 672, 678 (5th Cir. 2021). "A 'protected activity' under Title VII is defined as 'opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII.'" *Newell v. Acadiana Planning Comm'n Inc.*, Civ. No. 6:20-01525, 2022 WL 15449536, at *7 (W.D. La. Oct. 25, 2022) (quoting *Williams v. Recovery Sch. Dist.*, 859 F. Supp. 2d 824, 830–31 (E.D. La. 2012)). Thus, Title VII covers "two distinct types of protected activity: (1) opposition to any practice rendered unlawful by Title VII (the

10

opposition clause); and (2) making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII (the participation clause)." *Id.* (citing *Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 555 U.S. 271, 274 (2009)).

"Evidence that the plaintiff opposed the defendant's conduct, standing alone, does not satisfy the opposition clause. Rather, the clause 'requires opposition of a practice made unlawful by Title VII." *Id.* (quoting *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016)). The Fifth Circuit, however, "has made clear that the standard is not whether the plaintiff can successfully state and support a Title VII claim, but whether the plaintiff *reasonably believes* the employment practice to be unlawful." *Id.* "This reasonable belief standard acknowledges that there is 'some zone of conduct that falls short of an actual violation but could be reasonably perceived to violate Title VII.'" *Id.* (quoting *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1136 (5th Cir. 1981)).

Accepting Linn's allegations as true, he pleads sufficient facts to survive dismissal under Rule 12(b)(6). Linn alleges that (1) he engaged in a protected activity under the opposition clause by complaining to Ouachita American Job Center leadership about Coleman's behavior, (2) he had a "reasonable belief" that he was terminated for reporting Coleman's behavior, and (3) he suffered an adverse employment action (discharge). *See Newell*, 2022 WL 15449536, at *8.

Linn also sufficiently pleads causation. At the pleading stage, the causation standard is less stringent; plaintiffs need not show that the protected activity was the sole cause for retaliation, only that the two are not completely unrelated. *Id.* (quoting *Besser v. Texas Gen. Land Off.*, 834 F. App'x 876, 882 (5th Cir. 2020)). Plaintiffs can meet this burden simply by showing close enough timing between their protected activity and the adverse employment action. *Brown v. Walmart*, 969 F.3d 571, 578 (5th Cir. 2020). However, "the protected act and the adverse

employment action must be very close in time to establish causation by timing alone." *Id.* (quoting *Porter v. Houma Terrebone Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948 (5th Cir. 2015) (internal quotation marks omitted). Here, according to his EEOC file, Linn alleges that Coleman harassed him between October 2021 and December 2021. [doc. #29, p. 16]. He was discharged on December 21, 2021. *Id.* Therefore, accepting Linn's facts and viewing them in the light most favorable to him, approximately two and one-half months, at most, passed from when he reported Coleman's behavior to the date that he was discharged. Fifth Circuit jurisprudence suggests that two and one-half months is the longest period that can, without more, show causation for retaliation purposes. *Newell*, 2022 WL 15449536, at *8 (citing *Brown*, 969 F.3d at 678). Thus, at this stage, Linn adequately pleads causation.

Therefore, he states a retaliation claim under Title VII.

### 2. Title VII Discrimination Claim

Linn asserts that he was discriminated against because of his sex. In *Boston v. Clayton County*, 140 S. Ct. 1731 (2020), the United States Supreme Court held that discrimination on the basis of sexual orientation or gender identity is a form of sex discrimination under Title VII. At the 12(b)(6) stage, a Title VII discrimination claim is governed by *Swierkiewicz v. Sormema N.A.*, 534 U.S. 506 (2002), and not the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The Fifth Circuit has explained that under *Swierkiewicz*, there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff because of her protected status. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019).

Although a plaintiff does not have to submit evidence to establish a prima facie case of discrimination under *McDonnell Douglas* at the 12(b)(6) stage, "he must plead sufficient facts on

all ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). "And when a plaintiff's Title VII disparate treatment claim depends on circumstantial evidence . . . the plaintiff will ultimately have to show that he can satisfy the *McDonnell Douglas* framework." *Oliver v. Military Dep't*, Civ. No. 22-356-SDD-RLB, 2023 WL 2700709, at *6 (M.D. La. Mar. 29, 2023) (quoting *Cicalese*, 924 F.3d at 767) (internal quotation marks omitted). "In such cases we have said it can be helpful to reference that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the disparate treatment claim." *Id.* (internal quotation marks omitted). "Under *McDonnell Douglas*, a plaintiff must establish a prima facie case of discrimination. 411 U.S. at 802. Specifically, a plaintiff must allege facts sufficient to support a finding that he was treated less favorable than others outside his protected class." *Id.* (quoting *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017)).

Here, Linn alleges that he was discriminated based on his sex and subsequently discharged; thus, he has properly alleged that he was a member of a protected class and that he suffered an adverse employment action. *See Oliver*, 2023 WL 2700709. However, Linn fails to plead any facts suggesting that he was treated less favorably than others similarly situated outside the protected class. His many filings are devoid of any allegations that non-male employees in his same position, with the same supervisor and job duties, were treated differently than he was under the same circumstances. *See id.*; *see also Lyons v. Baylor University*, No. 6:17-cv-232-RP, 2019 WL 13253803, at *5 (W.D. Tex. Jan. 16, 2019) (dismissing Title VII discrimination claim where plaintiff did not allege that others similarly situated with treated more favorably). Thus, Linn fails

to plead facts that would permit a reasonable inference that he was discriminated against based on his sex.[7] Accordingly, his Title VII discrimination claims should be dismissed with prejudice.

### 3. ADA Retaliation Claim

Linn asserts a retaliation claim under the ADA. Linn alleges that Coleman, his supervisor, was aware of his disability and need for doctors' appointments and harassed him. [docs. #5, p. 2; #29, p. 16]. Linn alleges that after he complained to leadership about Coleman, he was discharged. *Id.*

"To demonstrate an unlawful retaliation [under the ADA], a plaintiff must make a prima facie case of (1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action." *Tabatchnik v. Continental Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008) (citing *Seaman v. CSPH*, 179 F.3d 297, 301 (5th Cir. 1999)). For causation, the employee must show that "but for the protected activity, the adverse employment action would not have occurred." *Id.* Importantly, the plaintiff need not show that she suffers from an actual disability; instead, a reasonable, good faith belief that the statute has been violated suffices. *Id.*

As with his Title VII retaliation claim, Linn plausibly alleges that (1) he engaged in a protected activity by reporting Coleman's behavior to OAJC leadership, (2) he suffered an adverse employment action when he was discharged, and (3) there is a causal connection between the protected act and the adverse action because, at most, two and one-half months passed between the time that Linn reported Coleman's behavior and the date of his discharge. *See Feist v.*

---

[7] In his EEOC file, Linn states that he is bisexual. [doc. #29, p. 16–17]. It is unclear from Linn's complaint whether he asserts that he was discriminated against based on his sexual orientation. Regardless, he does not plead any facts showing that he was treated less favorably than others similarly situated outside his protected class. Therefore, he fails to state a Title VII discrimination claim based on his sexual orientation as well.

14

*Louisiana Dep't of Justice*, 730 F.3d 450, 454–55 (5th Cir. 2013) (applying same retaliation standard for claims under the ADA and Title VII).

Accordingly, Linn states a retaliation claim under the ADA.

### 4. ADA Discrimination Claim

Linn asserts a discrimination claim under the ADA. "To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that he is a qualified individual with a disability and that the negative employment action happened because of the disability." *Tabatchnik*, 262 F. App'x at 675 (citing *Sherrod v. Am. Airlines*, 132 F.3d 1112, 1119 (5th Cir. 1998)). The ADA defines disability as "(1) a mental or physical impairment that substantially limits one or more major life activities of an individual; (2) a record of such impairment; or (3) being regarded as having such an impairment." *Id.* Major life activities include "such tasks as 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* (quoting C.F.R. § 1630.2(i)).

"Merely having an impairment or being diagnosed with a condition does not make one disabled for purposes of the ADA; the plaintiff must show that the impairment or condition limits a major life activity." *Thomas v. Burrows*, Civ. No. 22-3511, 2023 WL 1783694, at *6 (E.D. La. Feb. 6, 2023) (citing *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195, (2002), *abrogated on other grounds by ADA Amendments Act of 2008*, U.S. Pub. L. 110–325 (2009)).

Under the Americans with Disabilities Act Amendments Act ("ADAAA"), Congress broadened the definition of "disability" to include "major depressive disorder, bipolar disorder, post traumatic stress disorder . . . and schizophrenia . . . ." *Gough v. McCain*, Civ. No. 1:19-cv-

15

11833, 2022 WL 669866, at *15 (W.D. La. Feb. 2, 2022) (citing 28 C.F.R. § 35.108(d)(2)), *R&R adopted*, 2022 WL 669411 (W.D. La. Mar. 4, 2022).

Linn does not allege the nature of his disability in his original complaint, first amended complaint, second amended complaint, proposed third amended complaint, or proposed fourth amended complaint. However, in his proposed supplement to his complaint [doc. #29], Linn attached the EEOC Recommendation for Closure notice, which specifies his alleged disabilities, including schizophrenia, post-traumatic stress disorder ("PTSD"), bi-polar disorder, depression, and anxiety. [doc. #29, p. 7]. However, Linn does not set forth any facts to support his conclusory assertion that he is a qualified individual with a disability; a diagnosis with certain conditions is, alone, insufficient. *See Thomas*, 2023 1783694 (plaintiff failed to allege she was a "qualified individual with a disability" where she alleged only that she was diagnosed with certain conditions).

Therefore, Linn fails to state ADA discrimination claims, and these claims should be dismissed with prejudice.

  b. *Motions for Leave to Amend*

Linn seeks leave to amend and file what would be his third and fourth amended complaints [docs. #21, #25].

In his third amended complaint ("TAC"), Linn seeks to join numerous individual defendants as well as the Louisiana Workforce Commission. *Id.* Linn also seeks to dismiss OAJC. *Id.*

 Upon consideration of Linn's third proposed amended complaint, the undersigned finds that amendment would be futile. An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Marucci Sports, LLC v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

In his proposed TAC, Linn makes no factual assertions as to any of the proposed Defendants—he offers only the conclusory allegation that "all defendants knew about harassment, discrimination, wrongfully [sic] termination, re[prisal], that plaintiff experience[d] as a[n] [OPPJ] employee." [doc. #21, p. 1]. Linn also asserts there is "video and audio" of incidents. *Id.* Conclusory allegations are insufficient; Linn provides no factual information to support his proposed claims. As discussed above, a pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark*, 632 F.3d at 148. Linn's TAC fails to meet Rule 8's pleading standard. Accordingly, amendment to join these additional Defendants and claims would be futile.

To the extent that Linn seeks to amend and voluntarily dismiss Defendants Ouachita American Jobs Center, his motion is granted, and it is recommended that OAJC be dismissed. Otherwise, Linn's motion to amend [doc. #21] is denied.

Linn also seeks to file a fourth amended complaint. [doc. #25]. Therein, Linn makes allegations related to his hearing before the Louisiana Workforce Commission. Linn does not allege any facts to support the elements of any cause of action. Accordingly, amendment would be futile. Therefore, Linn's motion to amend and file a fourth amended complaint [doc. #25] is denied.

    c. *Motion to Supplement Complaint*

Linn also seeks to supplement his complaint and attach numerous EEOC documents, which appear to contain factual allegations relevant to his existing claims. [doc. #29]. Linn also seeks to attach two additional civil cover sheets, which appear to allege numerous additional claims

[docs. #29-1, #33].  For those additional claims, Linn simply checks boxes on the Civil Cover Sheet form but does not set forth any facts related thereto.

Accordingly, Linn's motion to supplement is GRANTED to the extent that he seeks to attach EEOC documents to his complaint.  Otherwise, his motion to supplement is DENIED.

    d.  *Motion to Dismiss under Rule 12(b)(5)*

On February 27, 2023, OPPJ filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).  Therein, OPPJ alleges that it was incorrectly named as Ouachita American Jobs Center and that Linn served Doretha Bennett at Ouachita American Job Center on January 13, 2023.  OPPJ contends that Ouachita American Job Center is not an entity that can be sued, and, consequently, Linn's claim against it should be dismissed without prejudice.

The undersigned granted Linn's motion to amend to the extent that he seeks to dismiss Ouachita American Jobs Center.  Accordingly, Ouachita's motion to dismiss under Rule 12(b)(5) should be DENIED AS MOOT.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim [doc. #22], be **GRANTED IN PART** and **DENIED IN PART.**

**IT IS RECOMMENDED** that all of Linn's claims against all individual Defendants, Doretha Bennett; Robin Collinsworth; Jay Mitchell; LaTanya Pusberry; Latanya Smith; Deela Woods; and Frederick Coleman, be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that Linn's Title VII and ADA discrimination claims against all Defendants be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that Linn's claims against Ouachita American Jobs Center be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that OPPJ's motion to dismiss under Rule 12(b)(5) be **DENIED AS MOOT**. [8]

**IT IS ORDERED** that Linn's motion to amend [doc. #22] is **GRANTED IN PART** and **DENIED IN PART**, as specified above.

**IT IS FURTHER ORDERED** that Linn's motion to amend [doc. #25], is **DENIED.**

**IT IS FURTHER ORDERED** that Linn's motion to supplement complaint [doc. #29] is **GRANTED IN PART** and **DENIED IN PART**, as specified above.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[8] For clarity, if this R&R is adopted, Linn has only Title VII retaliation claims and ADA retaliation claims against OPPJ and City of Monroe.  It is recommended that all other claims be dismissed.

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 19th day of April, 2023.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE