MINUTES [0:35]
April 11, 2024

**ELIZABETH E. FOOTE**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| MONTREAL LINN | CIVIL ACTION NO. 22-6259 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| OUACHITA AMERICAN JOB CENTER | MAGISTRATE JUDGE PEREZ-MONTES |

On April 11, 2024, the Court convened a scheduling conference in the above-captioned matter. Montreal Linn ("Plaintiff") participated pro se. Camille Bryant and Andrew Albritton participated on behalf of the City of Monroe. Douglas Nielsen participated on behalf of the Police Jury of Ouachita Parish ("Police Jury"). Macy Spencer is the law clerk in this matter, and any further questions relating to the minutes can be directed to her.

The purpose of the scheduling conference was for the Court to rule on two pending motions, inquire into the status of the case, and continue the trial date and the pretrial conference date for this matter.

First, the Court ruled on the Police Jury's Motion to Strike Statement of Material Facts. See Record Document 87. On October 19, 2023, Plaintiff filed a Motion for Summary Judgment. See Record Document 74. On November 9, 2023, all of the defendants filed their opposition to the motion. See Record Documents 80 and 81. The Police Jury argued that Plaintiff's reply memorandum had to be filed by November 16, 2023, in accordance with the Court's Notice of Motion Setting. Plaintiff filed his Statement of Material Facts on December 14, 2023, well after the deadline. Therefore, the Police Jury requested the Court to strike the statement of material facts from the record of this case. The Court noted that the Police Jury did not show it was prejudiced by the

late filing of the Plaintiff's Statement of Material Facts. The Court further noted that Plaintiff's Statement of Material Facts does not present any new issues, and therefore, the Court **DENIED** the Police Jury's Motion to Strike [Record Document 87].

Next, the Court ruled on Plaintiff's Motion to Appoint Counsel. See Record Document 97. Plaintiff previously filed a similar motion on March 31, 2023, and it was denied on April 3, 2023. See Record Documents 30 and 32. The Court noted that the appointment of counsel in a civil case is a privilege, not a constitutional right. See Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). Title VII provides for the appointment of an attorney for a Title VII complainant upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). In determining the merits of a Title VII plaintiff's request for counsel, the district court should consider: (1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel. See Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990). The Court found that the facts and circumstances have not changed since Plaintiff's last filing. Plaintiff's application did not enable the court to assess his ultimate likelihood of success. The application indicated that he called two attorneys on January 5, 2024, in an effort to obtain counsel and that Plaintiff does not have the financial ability to retain counsel. The Court concluded that while "[n]o one factor is conclusive," based on the showing made, Plaintiff's Motion to Appoint Counsel [Record Document 97] is **DENIED**. Buesgens v. Snow, 169 F. App'x 869, 870 (5th Cir. 2006) (internal citations omitted).

After ruling on the two motions, the Court observed that on May 19, 2023, the Magistrate Judge granted Plaintiff's Motion to Amend his complaint.. See Record Documents 54 and 55. This is at least the Plaintiff's fourth amendment to the complaint. The Court requested clarification from the parties regarding the effect of the amended complaint on any previously dismissed claims; what

did the parties contend to be the remaining claims; and whether a jury demand was ever made. First, to assist the Court on the effect of the amended complaint and the remaining claims, the Court **SET** the City of Monroe's and the Policy Jury's briefing deadline to **April 26, 2024**. Additionally, the Court **SET** the Plaintiff's response deadline to **May 3, 2024**. Next, the Court **GRANTED** Plaintiff's oral request for a jury demand.

The Court then discussed scheduling and basic trial procedure. Both parties agreed to a continuance of the trial date. The five-day jury trial is hereby **RESET** for **Monday, August 12, 2024**, in Courtroom 2, in Shreveport, Louisiana. The pretrial conference is **RESET** for **Friday, July 19, 2024**, in chambers. Pretrial conferences before this Court are substantive and typically last between two and two and a half hours. During the pretrial conference, the Court will rule on the admissibility of certain evidence that can be determined outside the context of trial. All other deadlines are outlined in the amended scheduling order.

In terms of jury selection, the Court will conduct most aspects of voir dire. The Court will first ask general and specific questions and will then allow each potential juror to talk a bit about themselves. The Court allows counsel to propose questions for the Court to ask potential jurors on their behalf. Each party will then have approximately fifteen minutes to examine potential jurors.

Finally, in terms of trial procedure specific to this Court, it is the Court's goal on the first day of trial to have the jury selected, opening statements given to the jury, and the first witness called. At the outset of trial, the Court will outline for the jury the law and the burdens of proof and will provide a general roadmap for trial so that the jury can focus on the issues it will be asked to determine. The parties will be on a time clock. The number of hours ultimately allotted to each party will encompass all of the time they will have to present their case-in-chief, cross examination, and (for Plaintiff) the rebuttal case. The time clock will begin when an attorney asks a witness to state

his or her name and will end when the attorney tenders the witness. Time continues to run for objections unless an objection requires a sidebar or a recess. Based on the Court's experience, trial allows for approximately five and one-half hours of testimony per day.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE